Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Skyrocket, LLC d/b/a Skyrocket Toys LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKYROCKET, LLC d/b/a SKYROCKET TOYS LLC, | CIVIL ACTION No. ___ |
| *Plaintiff* | |
| v. | |
| 2791383638, AILIN84LI, ASDLILI, BABY KINGSTAR, BIUBIUAA, BOKEBI, BREEZE2016, CHEESECHEESE, CHSXIOQNB, CONGHUAMIAN, CXLL, DMYVOTY, FEIMA BUILDING MATERIAL CO.,LIMITED, FLY SWIFT, FUNINONE, GOOD GIFT STORE LCC, GROWL, GUOLILIN, HAIBIAN2089, ILFASHIONS, IN MAPLE ELECTRIC APPLIANCE, INFINITE888, INFINITEDD, JESCOM ART GROUP, JIMIHUA, JINCHUN1954, JUANJUAN2098, LAISEY, LIFESTE, LITTLE TIGER'S STORE, LIXIAO7894566, LLYUN, LOVE DOVE, MANGGUO, MAOSHANWANG, ME MORE COOLL, MEIYOUGONGSIYAOTIAN, MODEHARDWAREDAILYUSE, MYSTICC, NATIE, NEW FASHION666, NINGMENGSHUI, NMDRV, PAINTING | **COMPLAINT**<br><br>**Jury Trial Requested**<br><br>**FILED UNDER SEAL** |

|  |  |
| --- | --- |
| PAINTING, QWIUUUXZ, RENZHILIANGPINPUZI, SLEDDOG, SUIBIANBA678, TOMORROW WITH YOU, TOWNSHIP, WEIZHISHENG ELECTRONIC COMMERCE CO., LTD, WORLDSKY2016, XINGTIANXIA NO.1, YINYINGFUSHI2, YITINGYI, YIWUSHIBOMEIHUAZHUANGPINYOUXIA NGONGSI, YOU YUE STORE, ZHAOSHAOJITUIFAN and ZJCHUZHENGBU, |  |
| *Defendants* |  |

Plaintiff Skyrocket, LLC d/b/a Skyrocket Toys LLC, a limited liability company organized under the laws of the state of California ("Skyrocket" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

This action involves claims for trademark infringement of Plaintiff's federally registered trademark in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; counterfeiting of Plaintiff's federally registered trademark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of Plaintiff's federally registered copyright in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and related state and common law claims (the "Action"), arising from Defendants 2791383638, Ailin84Li, asdlili, baby kingstar, biubiuAA, bokebi, Breeze2016, cheesecheese, chsxioqnb, conghuamian, CXLL, dmyvoty, FEIMA BUILDING MATERIAL CO.,LIMITED, fly swift, funinone, Good Gift Store LCC, Growl, guolilin, haibian2089, ILFASHIONS, In maple electric appliance, infinite888, InfiniteDD, Jescom Art

Group, jimihua, jinchun1954, juanjuan2098, Laisey, Lifeste, little tiger's store, lixiao7894566, LLyun, love dove, mangguo, maoshanwang, Me more cooll, meiyougongsiyaotian, Modehardwaredailyuse, Mysticc, natie, New Fashion666, ningmengshui, NMDRV, PAINTING painting, qwiuuuxz, renzhiliangpinpuzi, Sleddog, suibianba678, Tomorrow with you, Township, WeiZhiSheng electronic commerce co., LTD, worldsky2016, xingtianxia no.1, yinyingfushi2, yitingyi, yiwushibomeihuazhuangpinyouxiangongsi, You Yue store, zhaoshaojituifan and zjchuzhengbu (hereinafter collectively referred to as "Defendants" or individually as "Defendant") infringement of the Pomsies Mark (as defined *infra*) and Pomsies Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, counterfeit and infringing versions of Plaintiff's Pomsies Products (as defined *infra*).

## JURISDICTION AND VENUE

1.    This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.; pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

2.    Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil

Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

a.   Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through accounts with online marketplace platforms such as Wish (as defined *infra*) as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts"), through which consumers in the U.S., including New York, can view one or more of Defendants' Merchant Storefronts (as defined *infra*) that each Defendant operates, use to communicate with Defendants regarding their listings for Counterfeit Products (as defined *infra*) and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b.   Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses using their respective User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active

concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") in wholesale quantities at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically New York.

c.   Upon information and belief, a majority of Defendants' Merchant Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S.

d.   Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address (as defined *infra*).

e.   Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

f.   Upon information and belief, Defendants are aware of Plaintiff, its Pomsies Products, Pomsies Mark and Pomsies Works, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Plaintiff in the U.S., in New York and in this judicial district specifically, as Plaintiff conducts substantial business in New York.

3.   Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact, and/or solicit business in this judicial district.

## THE PARTIES

4.      Plaintiff Skyrocket, LLC d/b/a Skyrocket Toys LLC is a limited liability company organized under the laws of the state of California with a principal place of business at 12910 Culver                     Blvd.,                     Suite                     F, Los Angeles, California 90066.

5.      Upon information and belief, Defendants are merchants on the Wish.com online marketplace platform, which, upon information and belief, is owned by ContextLogic, Inc., a Delaware corporation with a principal place of business at One Sansome Street, 40th Floor, San Francisco, California 94104, through which Defendants offer for sale and/or sell Counterfeit Products.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known Pomsies Products

6.      Plaintiff is a leading global manufacturer and tech-entertainment company that designs and sells innovative consumer electronics, gaming products and children's toys under its well-known brands, including Pomsies, as well as other proprietary properties, such as Recoil, Sky Viper and Mebo ("Skyrocket Product(s)").

7.      Plaintiff sells its Skyrocket Products throughout the U.S. and the world through major retailers, quality toy stores, department stores and online marketplaces, including, but not limited to, Walmart, Target and Amazon.com.

8.      One of Plaintiff's most recent and successful Skyrocket Products is Pomsies, which are interactive plush toy pets that children can play games with, cuddle and wear as accessories ("Pomsies Products").  Pomsies look like giant pom-poms that feature large, sparkly eyes and ears

with a long, bendable tail that can wrap around a child's wrist, hair or backpack to take them on the go.

9.      Pomsies not only react to touch and movement through hidden sensors built into the plush, but their eyes also change colors to reflect their moods.  Pomsies can have up to 50 different reactions.

10.     Currently, there are 13 different Pomsies to collect, ranging from Boots the Cat to Sydney the Koala to Luna the Unicorn and more.  Images of Plaintiff's Pomsies Products are attached hereto as **Exhibit A** and incorporated herein by reference

11.     Pomsies has been named one of the "hottest toys for 2018" by *New York Magazine* and was included in *Amazon's 2018 Holiday Toy List.*[1]

12.     Pomsies Products retail for approximately $15.00 each.

13.     While Plaintiff has gained significant common law trademark and other rights in its Pomsies Products through its extensive use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining a federal trademark registration.

14.     Plaintiff is the owner of U.S. Trademark Registration No. 5,572,184 for "POMSIES" for a variety of goods in Class 28 ("Pomsies Mark").  A true and correct copy of the registration certificate for the Pomsies Mark is attached hereto as **Exhibit B** and incorporated herein by reference.

15.     The Pomsies Mark is currently in use in commerce in connection with the Pomsies Products.  The constructive date of first use based on Plaintiff's federal trademark registration for the Pomsies Mark is at least as early as June 15, 2018.

---

[1] Liza Corsillo, *The 21 Holiday Toys to Buy Now Before They Sell Out, According to Trend Forecasters* (Nov. 6, 2018), NEW YORK MAGAZINE,  http://nymag.com/strategist/article/top-kids-toys-for-christmas.html/; Remi Rosmarin, *Amazon predicts these will be the 100 hottest toys every kid wants this holiday season* (October 13, 2018), BUSINESS INSIDER, https://www.businessinsider.com/amazon-best-toys-games-holidays-christmas-2018-9.

16.     In addition, Plaintiff owns both registered and unregistered copyrights in and related to the Pomsies Products.

17.     Plaintiff has protected its valuable rights by filing and obtaining U.S. copyright registrations in and relating to the Pomsies Products.  For example, Plaintiff is the owner of U.S. Copyright Registration No. VA 2-127-288, covering the Pomsies Cat, U.S. Copyright Registration No. VA 2-127-368, covering the Pomsies Dog, U.S. Copyright Registration No. VA 2-127-287, covering the Pomsies Dragon, U.S. Copyright Registration No. VA 2-127-381, covering the Pomsies Koala, U.S. Copyright Registration No. VA 2-127-371, covering the Pomsies Unicorn and U.S. Copyright Registration No. VA 2-127-295, covering the Pomsies Packaging, as well as numerous common law copyrights ("Pomsies Works").  True and correct copies of the registration certificates for the Pomsies Works are attached hereto as **Exhibit C** and incorporated herein by reference.

18.     Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Pomsies Products, Pomsies Mark and Pomsies Works.

19.     The success of the Pomsies Products is due in large part to Plaintiff's marketing, promotion and distribution efforts.  These efforts include, but are not limited to, the advertising and promotion of the Pomsies Products through nationwide television advertising campaigns for the Pomsies Products, print and internet-based advertising and publicity for the Pomsies Products, placement of the Pomsies Products at dozens of authorized major retail outlets, both domestically and abroad, and Plaintiff's participation in trade shows.

20.     Plaintiff and the Pomsies Products' successes are also due to Plaintiff's use of high quality materials and processes in making the Pomsies Products.

21.     Additionally, Plaintiff owes a substantial amount of the success of the Pomsies Products to its consumers and word-of-mouth buzz that its consumers have generated.

22.     Plaintiff's efforts, the quality of Plaintiff's products, its marketing, promotion and distribution efforts and the word-of-mouth buzz generated by its consumers have made the Pomsies Mark, Pomsies Works and Pomsies Products prominently placed in the minds of the public.  Members of the public and retailers have become familiar with Plaintiff's Pomsies Mark, Pomsies Works and Pomsies Products, and have come to associate them exclusively with Plaintiff. Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such associations.

23.     Plaintiff has gone to great lengths to protect its interests to the Pomsies Products, Pomsies Mark and Pomsies Works.  No one other than Plaintiff and its authorized licensees and distributors is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Pomsies Mark or Pomsies Works without the express permission of Plaintiff.

### Wish and Defendants' User Accounts

24.     Wish.com is an online marketplace and e-commerce platform that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products originating primarily from China,[2] among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York (hereinafter, "Wish").

---

[2] *See* Armando Roggio, *Ecommerce Lessons from the Wish Shopping App*, PRACTICALECOMMERCE (Jan. 7, 2015), https://www.practicalecommerce.com/Ecommerce-Lessons-from-the-Wish-Shopping-App.

25.     A majority of the third-party merchants that have User Accounts with and operate Merchant Storefronts on Wish, like Defendants, are located in China.[3]  As of May 2015, over 40 million items from 100,000 User Accounts were available on Wish.[4]  Between June 2014 and May 2015, nearly 100 million distinct User Accounts became registered on Wish.[5]  Currently, Wish claims a base of over 300 million users.[6]  As one of the leaders of the worldwide e-commerce and digital retail market, Wish has generated billions in sales worldwide.[7]  Sales to the U.S. make up a significant percentage of the business done on Wish.  For example, online sales account for 8.6% of all retail transactions in the U.S., and nearly 8% of online shopping done by teenagers was performed using Wish, which is second only to Amazon.com.[8]  On Cyber Monday of 2017, Wish accounted for 6.2% of teenager spending.[9]  Currently, Wish is valued at over $8 billion, which is more than the market value of three of the largest traditional retailers in the U.S.[10]

26.     Wish aggressively uses the internet, including Facebook, Google and Pinterest, to market itself and the products offered for sale and/or sold by its third-party merchant users to potential consumers, particularly in the U.S.  For example, Wish is in the top-five largest

---

[3] *See* Greg Bensinger, *Wish, a Direct-From-China Shopping App, Lures Bargain Hunters*, WALL STREET JOURNAL (May 19, 2015), https://www.wsj.com/articles/wish-a-direct-from-china-shopping-app-lures-bargain-hunters-1431909072.
[4] *See id*.
[5] *See id*.
[6] *See* WISH.COM, https://www.wish.com/careers.
[7] *See* Connie Loizos, *Wish is Raising Again, and Giving Late-Stage Investors Protection*, TECHCRUNCH.COM (Oct. 28, 2016), https://techcrunch.com/2016/10/28/wish-is-raising-again-and-giving-late-stage-investors-protection/.
[8] *See* Deena M. Amato-McCoy, *Study: Teens Twice as Likely to Shop Online Than Adults,* CHAINSTOREAGE.COM (Oct. 16, 2017), https://www.chainstoreage.com/technology/study-teens-twice-likely-shop-online-adults/.
[9] *See* Marianne Wilson, *Teens hot on Black Friday, but cool on Cyber Monday*, CHAINSTORAGE.COM (Nov. 29, 2017), https://www.chainstoreage.com/real-estate/teens-hot-black-friday-cool-cyber-monday/.
[10] *See* Parmy Olson, *At $8.5 Billion, Shopping App 'Wish' Is Now Worth More Than Sears, Macy's and JC Penney Combined*, FORBES, https://www.forbes.com/sites/parmyolson/2017/09/20/wish-8-billion-funding-amazon/#c360ab961e1d.

advertisers on the aforementioned popular search engines and social media websites.[11]  In 2015, Wish spent approximately $100 million on advertisements on Facebook alone.[12]

27.     As recently addressed in news reports,[13] and as reflected in the federal lawsuits filed against third-party merchants offering for sale and selling infringing and/or counterfeit products on Wish,[14] an astronomical number of counterfeit and infringing products are offered for sale and sold on Wish at a rampant rate.[15]

28.     Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their User Accounts and on their Merchant Storefronts on Wish as well as potentially yet undiscovered additional online marketplace platforms.

29.     Through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

30.     Defendants' Merchant Storefronts share unique identifiers, such as design elements along with similarities in price, description of the goods offered and of the Counterfeit Products themselves offered for sale.

---

[11] *See* SENSORTOWER, MOBILE ADVERTISING ATLAS, Q2 2017 REPORT, *available at* https://s3.amazonaws.com/sensortower-itunes/Quarterly+Reports/Sensor-Tower-Q2-2017-Ad-Intel-Data-Digest.pdf?=landing.
[12] *See* Jason Del Rey, *Meet Wish, the $3 Billion App That Could Be The Next Walmart*, RECODE (Dec. 28, 2015), https://www.recode.net/2015/12/28/11621724/meet-wish-the-3-billion-app-that-could-be-the-next-walmart.
[13] *See* Andi Sykes, *Specialized Wages Ware on Counterfeiters* (Dec. 9, 2016), http://singletrackworld.com/2016/12/specialized-wages-war-on-counterfeiters/
[14] *See, e.g.*, *Specialized Bicycle Components, Inc. v. in-style1820, et al*., Civil Case No. 16-cv-62711 (S.D. Fl. Nov. 17, 2016) and *David Gilmour Music Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Civil Case No. 17-cv-7763 (N.D. Ill., Nov.1, 2017).
[15] *See* Tom Hoffarth, *Lakers' Wish List Cheapened by the Dozen*, DAILY NEWS (Sept. 22, 2017), http://www.dailynews.com/2017/09/22/hoffarth-lakers-wish-list-cheapened-by-the-dozen/.

31.     Defendants are in constant communication with each other and regularly participate in online chatroom discussions involving illegal counterfeiting activities, pending litigation and potential new lawsuits.

## Defendants' Wrongful and Infringing Conduct

32.     Particularly in light of Plaintiff's success with its Pomsies Products, as well as the reputation it has gained, Plaintiff and its Pomsies Products have become targets for unscrupulous individuals and entities who wish to capitalize on the goodwill, reputation and fame that Plaintiff has amassed in its Pomsies Products, Pomsies Mark and the works embodied in the Pomsies Works and Plaintiff investigates and enforces against such activities.

33.     As part of these efforts, Plaintiff retained New Alchemy Limited ("NAL"), a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling Counterfeit Products on online marketplace platforms such as Wish.

34.     Through NAL's investigative and enforcement efforts, Plaintiff learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing or used in connection with the Pomsies Mark and/or Pomsies Works, and/or products in packaging and/or containing labels bearing the Pomsies Mark and/or Pomsies Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Pomsies Mark and/or Pomsies Works and/or products that are identical or confusingly or substantially similar to the Pomsies Products (collectively referred to as, "Infringing Product(s)" or "Counterfeit Product(s)") to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts on Wish.

Printouts of listings for Counterfeit Products from Defendants' User Accounts and Merchant Storefronts are included in **Exhibit D** attached hereto and incorporated herein by reference**.**

35.     Defendants are not, and have never been, authorized by Plaintiff or any of its authorized agents, authorized licensees or authorized distributors to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the Pomsies Products or to use the Pomsies Mark and Pomsies Works, or any marks or artwork that are confusingly or substantially similar to the Pomsies Mark or Pomsies Works.

36.     Defendants' Counterfeit Products are nearly indistinguishable from Plaintiff's Pomsies Products, only with minor variations that no ordinary consumer would recognize.

37.     During its investigation, NAL identified Defendants as offering for sale and/or selling Counterfeit Products and specified a shipping address located in New York (the "New York Address") and verified that each Defendant provides shipping to the New York Address.  Printouts of the checkout pages for the Counterfeit Products reflecting that the Defendants ship the Counterfeit Products to the New York Address are included in **Exhibit D** attached hereto and incorporated herein by reference**.**

38.     NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Counterfeit Products through their respective Merchant Storefronts, accepting payment for such Counterfeit Products in U.S. Dollars through Wish's own payment processing system ("Wish Payment System"), or through accounts with the payment processing agency PayPal, Inc. ("PayPal"), and that each Defendant provides shipping and/or has actually shipped Counterfeit Products to the U.S., including to customers located in New York.  NAL's findings are supported by Defendants' listings for Counterfeit Products and/or the checkout pages for the

Counterfeit Products, which are included in **Exhibit D** attached hereto and incorporated herein by reference.

39.     For example, below on the left is an image of one of Plaintiff's Pomsies Products, which typically retails for $14.99.  Depicted below on the right is a listing for Defendant Tomorrow with you's Counterfeit Product ("Tomorrow with you Infringing Listing" and "Tomorrow with you Counterfeit Product," respectively).  The Tomorrow with you Infringing Listing appears on Defendant         Tomorrow         with         you's         Merchant         Storefront, http://www.wish.com/c/5bd810928cba4e16a4755b90,  and  offers  the  Tomorrow  with  you's Counterfeit Product for $11.00 per item, using, featuring and/or incorporating one or more of the Pomsies Mark or Pomsies Works, and/or confusingly or substantially similar marks or artwork in the listing title "**Pomsies** Surprise Cats Children's Plush Toys" and in the descriptions and/or product images in the body of the listing.  Further, the Tomorrow with you Counterfeit Product is virtually identical to one of Plaintiff's Pomsies Products and features and/or incorporates one or more of the Pomsies Works and Pomsies Mark.  There is no question that the Tomorrow with you Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's Pomsies Products or that the Tomorrow with you Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the Pomsies Works and Pomsies Mark:

<u>**Pomsies Product**</u>                    <u>**Tomorrow with you Counterfeit Product**</u>

        

40.     By way of another example, below on the left is an image of one of Plaintiff's Pomsies Products, which typically retails for $14.99.  Depicted below on the right is a listing for Defendant bokebi's Counterfeit Product ("bokebi Infringing Listing" and "bokebi Counterfeit Product," respectively).  The bokebi Infringing Listing appears on Defendant bokebi's Merchant Storefront,   https://www.wish.com/c/5bd90229329b4f27225b31ea,   and   offers   the   bokebi Counterfeit Product for $13.00 per item, using, featuring and/or incorporating one or more of the Pomsies Mark or Pomsies Works, and/or confusingly or substantially similar marks or artwork in the listing title "**Pomsies** Surprise Cats Children's Plush Toys" and in the descriptions and/or product images in the body of the listing.  Further, the bokebi Counterfeit Product is virtually identical to one of Plaintiff's Pomsies Products and features and/or incorporates one or more of the Pomsies Works and Pomsies Mark.  There is no question that the bokebi Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's Pomsies Products or that the bokebi Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the Pomsies Works and Pomsies Mark:

**Pomsies Product**                    **bokebi Counterfeit Product**

                    

41.     As another example, below on the left is an image of one of Plaintiff's Pomsies

Products, which typically retails for $14.99.  Depicted below on the right is a listing for Defendant

Me more cooll's Counterfeit Product ("Me more cooll Infringing Listing" and "Me more cooll

Counterfeit Product," respectively).  The Me more cooll Infringing Listing appears on Defendant

Me more cooll's Merchant Storefront, https://www.wish.com/c/5bd91142095deb27c0987e5e, and

offers the Me more cooll Counterfeit Product for $11.00 per item, using, featuring and/or

incorporating one or more of the Pomsies Mark or Pomsies Works, and/or confusingly or

substantially similar marks or artwork in the listing title "**Pomsies** Surprise Cats Children's Plush

Toys" and in the descriptions and/or product images in the body of the listing.  Further, the Me

more cooll Counterfeit Product is virtually identical to one of Plaintiff's Pomsies Products and

features and/or incorporates one or more of the Pomsies Works and Pomsies Mark.  There is no

question that the Me more cooll Counterfeit Product is designed to confuse and mislead consumers

into believing that they are purchasing one of Plaintiff's Pomsies Products or that the Me more

cooll Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off

of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the Pomsies Works and Pomsies Mark:

| **Pomsies Product** | **Me more cooll Counterfeit Product** |
| :---: | :---: |

 

42.    By these dealings in Counterfeit Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products), Defendants violated Plaintiff's exclusive rights in the Pomsies Mark and Pomsies Works, and have used marks, images and artwork that are confusingly and/or substantially similar to, identical to and/or constitute counterfeiting and/or infringement of the Pomsies Mark and Pomsies Works in order to confuse consumers into believing that such Counterfeit Products are Pomsies Products and aid in the promotion and sales of their Counterfeit Products.   Defendants' conduct began long after Plaintiff's adoption and use of the Pomsies Mark and Pomsies Works, after Plaintiff obtained the federal registrations in the Pomsies Mark and Pomsies Works, as alleged above, and after Plaintiff's Pomsies Products, Pomsies Mark and Pomsies Works became well-known to the purchasing public.

43.    Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the Pomsies Mark and Pomsies Works, of the fame and incalculable goodwill associated therewith and of the popularity

and success of the Pomsies Products, and in bad faith adopted the Pomsies Mark and Pomsies Works.

44.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff, the Pomsies Mark, Pomsies Works and Pomsies Products.

45.     Defendants' dealings in Counterfeit Products, as alleged herein, has caused, and will continue to cause confusion, mistake, economic loss, and have deceived and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

46.     In engaging in these actions, Defendants have, jointly and severally, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed and counterfeited the Pomsies Mark, infringed the Pomsies Works, committed unfair competition and unfairly and unjustly profited from such activities at Plaintiff's expense.

47.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34 and 35 of the Lanham Act,
15 U.S.C. §§ 1114(1)(b), 1116(d) and 1117(b)-(c)))**

48.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

49.     Plaintiff is the exclusive owner of all right and title to the Pomsies Mark.

50.     Plaintiff has continuously used the Pomsies Mark in interstate commerce since on or before the date of first use as reflected in the registration attached hereto as **Exhibit B**.

51.     Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in its Pomsies Mark and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the Pomsies Mark and/or used spurious designations that are identical with, or substantially indistinguishable from, the Pomsies Mark on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

52.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiff, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Pomsies Mark through their participation in such activities.

53.     Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the Pomsies Mark to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by

Plaintiff, thereby making substantial profits and gains to which they are not entitled in law or equity.

54.     Defendants' unauthorized use of the Pomsies Mark on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff or its authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Pomsies Mark.

55.     Defendants' actions constitute willful counterfeiting of the Pomsies Mark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

56.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, its reputation and its valuable rights in and to the Pomsies Mark and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable Pomsies Mark.

57.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Infringement of Registered Trademark)**
**[115 U.S.C. § 1114/Lanham Act § 32(a)]**

58.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

59.     Plaintiff has continuously used the Pomsies Mark in interstate commerce since on or before the date of first use as reflected in the registration certificate attached hereto as **Exhibit B**.

60.     Plaintiff, as owner of all right, title and interest in and to the Pomsies Mark, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

61.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that Plaintiff is the owner of the federal trademark registration for the Pomsies Mark.

62.     Defendants did not seek and thus inherently failed to obtain consent or authorization from Plaintiff, as the registered trademark owner of the Pomsies Mark, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell Pomsies Products and/or related products bearing the Pomsies Mark into the stream of commerce.

63.     Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Pomsies Mark and/or which are identical or confusingly similar to the Pomsies Mark.

21

64.     Defendants knowingly and intentionally reproduced, copied and colorably imitated the Pomsies Mark and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

65.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Plaintiff is the owner of all rights in and to the Pomsies Mark.

66.     Defendants' egregious and intentional use of the Pomsies Mark in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Plaintiff's Pomsies Products or are otherwise associated with, or authorized by, Plaintiff.

67.     Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the Pomsies Mark, as well as with bad faith and the intent to cause confusion, mistake and deception.

68.     Defendants' continued, knowing, and intentional use of the Pomsies Mark without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered Pomsies Mark in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

69.     As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Pomsies Mark and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiff

has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and the valuable Pomsies Mark.

70.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(False Designation of Origin, Passing Off & Unfair Competition)**
**[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]**

71.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

72.     Plaintiff, as the owner of all right, title and interest in and to the Pomsies Mark, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

73.     The Pomsies Mark is inherently distinctive and/or has acquired distinctiveness.

74.     Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of the Pomsies Mark and Pomsies Works and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard

23

Counterfeit Products are Pomsies Products or related products, and/or that Defendants' Counterfeit Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff and/or that Defendants are affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, the Pomsies Mark and Pomsies Works, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

75. By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical to, confusingly similar to or which constitute colorable imitations of Plaintiff's Pomsies Products, using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of the Pomsies Mark and Pomsies Works, Defendants have traded off the extensive goodwill of Plaintiff and its Pomsies Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its Pomsies Mark, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

76. Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of the Pomsies Mark and Pomsies Works would cause confusion, mistake or deception among purchasers, users and the public.

77. Upon information and belief, Defendants' aforementioned wrongful actions have

been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation Plaintiff, its Pomsies Products, Pomsies Mark and Pomsies Works.

78.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its Pomsies Products and by depriving Plaintiff of the value of its Pomsies Mark and Pomsies Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of Pomsies Mark and Pomsies Works.

79.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Federal Copyright Infringement)**
**[17 U.S.C. § 501(a)]**

80.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

81.     Plaintiff is the exclusive owner of the Pomsies Works.

82.     Defendants had actual notice of Plaintiff's exclusive rights in and to the Pomsies Work.

83.     Defendants did not attempt and therefore inherently failed to obtain Plaintiff's

consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market Plaintiff's Pomsies Products and/or Pomsies Works.

84.     Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed the Pomsies Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products which bear such Pomsies Works, or artwork that is, at a minimum, substantially similar to the Pomsies Works.

85.     Defendants' unlawful and willful actions as alleged herein constitute infringement of the Pomsies Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such Pomsies Works in violation of 17 U.S.C. § 501(a).

86.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff.

87.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**(Violation of Deceptive Acts and Practices Unlawful)**
**[N.Y. Gen. Bus. Law § 349]**

88.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

89.     Through Defendants' unlawful, unauthorized and unlicensed use of the Pomsies Works and/or Pomsies Mark on or in connection with the manufacturing, importing, exporting,

advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiff's Pomsies Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

90.     Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.  Such conduct has deceived and materially mislead or has a tendency to deceive and materially mislead the consuming public, and has injured and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 349.

91.     As a result of Defendants' actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which they have no adequate remedy at law.

92.     Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**(False Advertising Unlawful)**
**[N.Y. Gen. Bus. Law § 350]**

93.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

94.     Without the authorization of Plaintiff, Defendants have used the Pomsies Mark and/or Pomsies Works and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to the Pomsies Mark and/or Pomsies Works in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products which are identical and/or confusingly

27

or substantially similar to Plaintiff's Pomsies Products, causing confusion, mistake and deceiving consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

95.     Defendants' aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade or commerce and has injured and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 350.

96.     As a result of Defendants' actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which they have no adequate remedy at law.

97.     Pursuant to N.Y. Gen. Bus. Law § 350(e), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

98.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

99.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Plaintiff and its Pomsies Products to induce, and did induce and intend and will continue to induce, customers to purchase their Counterfeit Products, thereby directly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

100.    Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

101.    Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

102.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff, and its competitive position while benefiting Defendants.

103.    As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its Pomsies Products in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law, and Plaintiff has been and will continue to be deprived of the value of its Pomsies Mark and Pomsies Works as commercial assets in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law.

104.    As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their

infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

### EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

105.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

106.    By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

107.    Defendants' retention of monies gained through their deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.    For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.    In the alternative to Defendants' profits and Plaintiff's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c)  in the amount of not more than $2,000,000 per

counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiff may elect prior to the rendering of final judgment;

C.      For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for willful trademark infringement of Plaintiff's federally registered Pomsies Mark, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Pomsies Works under 17 U.S.C. § 501(a);

F.      In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of the Pomsies Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law § 350(e);

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.    For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

    i.    manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

    ii.    directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Pomsies Mark or Pomsies Works;

    iii.    using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Pomsies Mark and Pomsies Works to identify any goods or services not authorized by Plaintiff;

    iv.    using any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Pomsies Works or Pomsies Mark, or any other marks or artwork that are confusingly or substantially similar to the Pomsies Mark or Pomsies Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

    v.    using any false designation of origin or false description, or engaging in any

action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiff;

vi.   engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii.   engaging in any other actions that constitute unfair competition with Plaintiff;

viii.   engaging in any other act in derogation of Plaintiff's rights;

ix.   secreting, destroying, altering, removing, or otherwise dealing with the Counterfeit Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

x.   from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts,

any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts"), and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

xi. from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

xiii. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

xiv. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (xiii) above; and

L.     For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Infringing and/or Counterfeit

Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Pomsies Mark or Pomsies Works, or bear any marks that are confusingly or substantially similar to the Pomsies Mark or Pomsies Works;

M.      For an order of the Court requiring that Defendants deliver up for destruction to Plaintiff any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Pomsies Mark or Pomsies Works, or bear any marks that are confusingly or substantially similar to the Pomsies Mark or Pomsies Works pursuant to 15 U.S.C. § 1118;

N.      For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

P.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.      For Plaintiff's reasonable attorneys' fees;

R.    For all costs of suit; and

S.    For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Dated: December 4, 2018                    Respectfully submitted,

                                           EPSTEIN DRANGEL LLP

                                           BY:    _____
                                                  Brieanne Scully (BS 3711)
                                                  bscully@ipcounselors.com
                                                  Mary Kate Brennan (MB 5595)
                                                  mbrennan@ipcounselors.com
                                                  Ashly E. Sands (AS 7715)
                                                  asands@ipcounselors.com
                                                  Jason M. Drangel (JD 7204)
                                                  jdrangel@ipcounselors.com
                                                  60 East 42nd Street, Suite 2520
                                                  New York, NY 10165
                                                  Telephone:    (212) 292-5390
                                                  Facsimile:    (212) 292-5391
                                                  *Attorneys for Plaintiff*
                                                  *Skyrocket, LLC d/b/a*
                                                  *Skyrocket Toys LLC*

# EXHIBIT A







# EXHIBIT B

# United States of America

## United States Patent and Trademark Office

# POMSIES

**Reg. No. 5,572,184**

**Registered Sep. 25, 2018**

**Int. Cl.: 28**

**Trademark**

**Principal Register**

Skyrocket Toys, LLC  (CALIFORNIA LIMITED LIABILITY COMPANY)
12910 Culver Blvd. Suite F
Los Angeles, CALIFORNIA 90066

CLASS 28: Pet toys; Plush dolls; Plush toys; Novelty toy items in the nature of electronic plush pets; Stuffed and plush toys

FIRST USE 6-15-2018; IN COMMERCE 6-15-2018

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-726,667, FILED 12-19-2017



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years  after  the  registration  date.   See  15  U.S.C.  §§1058,  1141k.   If  the  declaration  is  accepted,  the registration  will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a  Declaration of Use  (or Excusable Nonuse)  and  an  Application for  Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do  not  file  renewal  applications  at  the  USPTO.  Instead,  the  holder  must  file  a  renewal  of  the  underlying international  registration  at  the  International  Bureau  of  the  World  Intellectual  Property  Organization,  under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT C



| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = Pomsies
Search Results: Displaying 1 of 6 entries



Labeled View

### *Pomsies Cat.*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002127288 / 2018-11-19 |
| **Application Title:** | Pomsies Cat. |
| **Title:** | Pomsies Cat. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Skyrocket LLC. Address: 12910 Culver Blvd, Suite F, Los Angeles, CA, 90066, United States. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2018-02-17 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Skyrocket LLC, employer for hire; Citizenship: United States. Authorship: sculpture. |
| **Rights and Permissions:** | Jason M. Drangel, Epstein Drangel LLP, 60 E. 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | Skyrocket LLC |



| Save, Print and Email (**Help Page**) | |
|---|---|
| Select Download Format   Full Record ▾ | Format for Print/Save |
| Enter your email address: | Email |

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = Pomsies
Search Results: Displaying 2 of 6 entries



**Labeled View**

***Pomsies Dog.***

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002127368 / 2018-11-20 |
| **Application Title:** | Pomsies Dog. |
| **Title:** | Pomsies Dog. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Skyrocket LLC. Address: 12910 Culver Blvd, Suite F, Los Angeles, CA, 90066, United States. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2018-02-17 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Skyrocket LLC, employer for hire; Citizenship: United States. Authorship: sculpture. |
| **Rights and Permissions:** | Jason M. Drangel, Epstein Drangel LLP, 60 E. 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | Skyrocket LLC |



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format [Full Record ▼] [Format for Print/Save] |
| Enter your email address:     [Email] |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page



| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = Pomsies
Search Results: Displaying 3 of 6 entries



**Labeled View**

### *Pomsies Dragon.*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002127287 / 2018-11-19 |
| **Application Title:** | Pomsies Dragon. |
| **Title:** | Pomsies Dragon. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Skyrocket LLC. Address: 12910 Culver Blvd, Suite F, Los Angeles, CA, 90066, United States. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2018-02-17 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Skyrocket LLC, employer for hire; Citizenship: United States. Authorship: sculpture. |
| **Rights and Permissions:** | Jason M. Drangel, Epstein Drangel LLP, 60 E. 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | Skyrocket LLC |



| Save, Print and Email (**Help Page**) | | |
|---|---|---|
| Select Download Format | Full Record ▾ | Format for Print/Save |
| Enter your email address: | | Email |

Help   Search   History   Titles   Start Over



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = pomsies
Search Results: Displaying 4 of 6 entries



**Labeled View**

***Pomsies Koala.***

|  |  |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002127381 / 2018-11-20 |
| **Application Title:** | Pomsies Koala. |
| **Title:** | Pomsies Koala. |
| **Description:** | electronic file. |
| **Copyright Claimant:** | Skyrocket LLC. Address: 12910 Culver Blvd, Suite F, Los Angeles, CO, 90066, United States. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2018-02-17 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Skyrocket LLC, employer for hire; Citizenship: United States. Authorship: sculpture. |
| **Rights and Permissions:** | Jason M. Drangel, Epstein Drangel LLP, 60 E. 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | [Skyrocket LLC](#) |



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format [Full Record ▼] [Format for Print/Save] |
| Enter your email address: [ ] [Email] |

Help   Search   History   Titles   Start Over

[Contact Us](#)  |  [Request Copies](#)  |  [Get a Search Estimate](#)  |  [Frequently Asked Questions (FAQs) about Copyright](#)  |
[Copyright Office Home Page](#)  |  [Library of Congress Home Page](#)



**Help**    **Search**    **History**    **Titles**    **Start Over**

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = pomsies
Search Results: Displaying 6 of 6 entries



Labeled View

***Pomsies Unicorn.***

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002127371 / 2018-11-20 |
| **Application Title:** | Pomsies Unicorn. |
| **Title:** | Pomsies Unicorn. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Skyrocket LLC. Address: 12910 Culver Blvd, Suite F, Los Angeles, CA, 90066, United States. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2018-02-17 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Skyrocket LLC, employer for hire; Citizenship: United States. Authorship: sculpture. |
| **Rights and Permissions:** | Jason M. Drangel, Epstein Drangel LLP, 60 E. 42nd Street, Suite 2520, New York, NY, 10165, United States, (212) 292-5390, mail@ipcounselors.com |
| **Names:** | Skyrocket LLC |



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format   Full Record ▾   Format for Print/Save |
| Enter your email address:        Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page



| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = pomsies
Search Results: Displaying 5 of 6 entries



Labeled View

### *Pomsies Packaging.*

| | |
|---:|:---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002127295 / 2018-11-19 |
| **Application Title:** | Pomsies Packaging. |
| **Title:** | Pomsies Packaging. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Skyrocket LLC. Address: 12910 Culver Blvd, Suite F, Los Angeles, CA, 90066, United States. |
| **Date of Creation:** | 2017 |
| **Date of Publication:** | 2018-02-17 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Skyrocket LLC, employer for hire; Citizenship: United States. Authorship: 2-D artwork. |
| **Rights and Permissions:** | Epstein Drangel LLP, 60 E. 42nd Street, Suite 2520, New York, NY, 10165, United States |
| **Names:** | Skyrocket LLC |



| Save, Print and Email (**Help Page**) | |
|:---|:---|
| Select Download Format  Full Record ▾ | Format for Print/Save |
| Enter your email address: | Email |

Help    Search    History    Titles    Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |  Copyright Office Home Page  |  Library of Congress Home Page