Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*Skyrocket, LLC d/b/a Skyrocket Toys LLC*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___6/22/2022___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKYROCKET, LLC d/b/a SKYROCKET TOYS LLC, <br><br> *Plaintiff* <br><br> v. <br><br> 2791383638, AILIN84LI, ASDLILI, BABY KINGSTAR, BIUBIUAA, BOKEBI, BREEZE2016, CHEESECHEESE, CHSXIOQNB, CONGHUAMIAN, CXLL, DMYVOTY, FEIMA BUILDING MATERIAL CO.,LIMITED, FLY SWIFT, FUNINONE, GOOD GIFT STORE LCC, GROWL, GUOLILIN, HAIBIAN2089, ILFASHIONS, IN MAPLE ELECTRIC APPLIANCE, INFINITE888, INFINITEDD, JESCOM ART GROUP, JIMIHUA, JINCHUN1954, JUANJUAN2098, LAISEY, LIFESTE, LITTLE TIGER'S STORE, LIXIAO7894566, LLYUN, LOVE DOVE, MANGGUO, MAOSHANWANG, ME MORE COOLL, MEIYOUGONGSIYAOTIAN, MODEHARDWAREDAILYUSE, MYSTICC, NATIE, NEW FASHION666, NINGMENGSHUI, NMDRV, PAINTING PAINTING, QWIUUUXZ, RENZHILIANGPINPUZI, SLEDDOG, SUIBIANBA678, TOMORROW WITH YOU, TOWNSHIP, WEIZHISHENG ELECTRONIC COMMERCE CO., LTD, WORLDSKY2016, XINGTIANXIA NO.1, YINYINGFUSHI2, YITINGYI, | **18-cv-11279 (AT)** <br><br> **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

YIWUSHIBOMEIHUAZHUANGPINYOUXIANGONGSI, YOU YUE STORE, ZHAOSHAOJITUIFAN and ZJCHUZHENGBU,

*Defendants*

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Skyrocket** | Skyrocket, LLC d/b/a Skyrocket Toys LLC | N/A |
| **Defendants** | 2791383638, Ailin84Li, asdlili, baby kingstar, biubiuAA, bokebi, Breeze2016, cheesecheese, chsxioqnb, conghuamian, CXLL, dmyvoty, FEIMA BUILDING MATERIAL CO.,LIMITED, fly swift, funinone, Good Gift Store LCC, Growl, guolilin, haibian2089, ILFASHIONS, In maple electric appliance, infinite888, InfiniteDD, Jescom Art Group, jimihua, jinchun1954, juanjuan2098, Laisey, Lifeste, little tiger's store, lixiao7894566, LLyun, love dove, mangguo, maoshanwang, Me more cooll, meiyougongsiyaotian, Modehardwaredailyuse, Mysticc, natie, New Fashion666, ningmengshui, NMDRV, PAINTING painting, qwiuuuxz, renzhiliangpinpuzi, Sleddog, suibianba678, Tomorrow with you, Township, WeiZhiSheng electronic commerce co., LTD, worldsky2016, xingtianxia no.1, yinyingfushi2, yitingyi, yiwushibomeihuazhuangpinyouxiangongsi, You Yue store, zhaoshaojituifan and zjchuzhengbu | N/A |
| **Defaulting Defendants** | asdlili, chsxioqnb, CXLL, FEIMA BUILDING MATERIAL CO.,LIMITED, Good Gift Store LCC, guolilin, ILFASHIONS, In maple electric appliance, infinite888, Jescom Art Group, jinchun1954, Laisey, Lifeste, lixiao7894566, love dove, meiyougongsiyaotian, qwiuuuxz, renzhiliangpinpuzi, yinyingfushi2, yitingyi and You Yue store | N/A |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on December 4, 2018 | 1 |
| **Complaint** | Plaintiff's Complaint filed on December 4, 2018 | 8 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service by electronic means; and 5) an order authorizing expedited discovery filed on December 4, 2018 | 16-20 |

i

| **Ardell Dec.** | Declaration of John Ardell in Support of Plaintiff's Application | 19 |
|---|---|---|
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | 18 |
| **Scully Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application | 20 |
| **Pomsies Products** | Interactive plush toy pets that children can play games with, cuddle and wear as accessories | N/A |
| **Pomsies Mark** | U.S. Trademark Registration No. 5,572,184 for "POMSIES" for a variety of goods in Class 28 | N/A |
| **Pomsies Works** | U.S. Copyright Registration No. VA 2-127-288, covering the Pomsies Cat, U.S. Copyright Registration No. VA 2-127-368, covering the Pomsies Dog, U.S. Copyright Registration No. VA 2-127-287, covering the Pomsies Dragon, U.S. Copyright Registration No. VA 2-127-381, covering the Pomsies Koala, U.S. Copyright Registration No. VA 2-127-371, covering the Pomsies Unicorn and U.S. Copyright Registration No. VA 2-127-295, covering the Pomsies Packaging | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Pomsies Mark and/or Pomsies Works, and/or products in packaging and/or containing labels bearing the Pomsies Mark and/or Pomsies Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Pomsies Mark and/or Pomsies Works and/or products that are identical or confusingly or substantially similar to the Pomsies Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |

| | | |
|---|---|---|
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on May 12, 2020 | TBD |
| **Scully Aff.** | Affidavit by Brieanne Scully in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, copyright infringement and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Pomsies Mark and Pomsies Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.   Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on its trademark infringement and counterfeiting claims; its claims for false designation of origin, passing off, unfair competition, and common-law unfair competition, and for copyright infringement.

## II.   Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

reasonable and Plaintiff is awarded statutory damages against each of the Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act as follows ("Defaulting Defendants' Individual Damages Award"), plus post-judgment interest calculated pursuant to the statutory rate, in the amount of fifty thousand dollars ($50,000.00) against each of the twenty-one (21) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act for a total of $1,050,000.00 (One Million Fifty Thousand Dollars).

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in active concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Pomsies Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Pomsies Mark and/or incorporating the Pomsies Works and/or artwork that is substantially similar to, identical to and constitute infringement of the Pomsies Works;

   B. directly or indirectly infringing in any manner any of Plaintiff's Pomsies Mark and Pomsies Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Pomsies Mark and Pomsies Works to identify any goods or services not authorized by Plaintiff;

D. using any of Plaintiff's Pomsies Mark and Pomsies Works, or any other marks or artwork that are confusingly or substantially similar to the Pomsies Mark and Pomsies Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

    G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Pomsies Mark and Pomsies Works, or bear any marks or artwork that are confusingly or substantially similar to the Pomsies Mark and Pomsies Works pursuant to 15 U.S.C. § 1118;

### IV. Order Authorizing Continued Alternative Service by Electronic Means

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means that was ordered in the TRO and PI Order, shall be deemed effective as to Defendants, Financial Institutions and Third Party Service Providers through the pendency of this action.

## V. Temporary Continuance of Asset Restraint

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR, for a thirty (30) day period after the entry of this Order.

## VII. Miscellaneous Relief

4) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

5) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

6) The Court releases the Twenty-Five Thousand U.S. Dollar ($25,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

SO ORDERED.

Dated: June 22, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge